Olayiwola O. Oduyingbo (BBO #691768)
Odu@odulawfirm.com
Ana Barros (BBO # 714916)
abarros@odulawfirm.com
**ODU LAW FIRM, LLC**
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Telephone:	(401) 209-2029
Facsimile:	(401) 217-2299

*Attorneys for Plaintiffs*
*Renan Cardoso Ramalho and*
*Manoel Fernandes Filho*

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RENAN CARDOSO RAMALHO and MANOEL FERNANDES FILHO,<br><br>Plaintiffs,<br><br>v.<br><br>RL CONSTRUCTION SERVICES, INC., *alias*,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>1. **Violation of the Massachusetts Payment of Wages Act, Mass. Gen. L. c. 149 § 148** *et seq.***;**<br>2. **Violation of the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151, § 1A** *et seq.***; and**<br>3. **Violation of the Fair Labor Standards Act, 29 U.S.C. § 201** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

**TABLE OF CONTENTS**

Page

SUMMARY OF THE ACTION ...................................................................................................1

PARTIES .........................................................................................................................................1

JURISDICTION .............................................................................................................................2

VENUE ............................................................................................................................................3

FACTUAL BACKGROUND AND GENERAL ALLEGATIONS ................................3

    Plaintiffs Were Not Fully Compensated for All Hours Worked,
    Including Overtime .......................................................................................3

    Defendant's General Employment Practices .............................................4

    Plaintiffs Exhausted Their Administrative Remedies as to Their
    Wage Claims and Bring This Action ............................................4

CLAIMS FOR RELIEF .................................................................................................................5

PRAYER FOR RELIEF .................................................................................................................6

DEMAND FOR JURY TRIAL .....................................................................................................7

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## COMPLAINT

### SUMMARY OF THE ACTION

1. Plaintiffs Renan Cardoso Ramalho and Manoel Fernandes Filho ("Plaintiffs") bring this action against RL Construction Services, Inc. ("Defendant RL"), to assert their rights and remedy grave and rampant violations committed by Defendant over the course of several months. Plaintiffs are seeking compensatory and punitive damages, counsel fees and costs, and other equitable relief arising out of violations of the Massachusetts Payment of Wages Act, Mass. Gen. L. c. 149 § 148 *et seq.*, the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151, § 1A; and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* Plaintiffs hereby allege as follows:

### PARTIES

2. Plaintiff Renan Cardoso Ramalho is a resident of Massachusetts.

3. Plaintiff Manoel Fernandes Filho is a resident of Massachusetts.

4. At all times relevant herein, Plaintiffs were employed by Defendant in the Commonwealth of Massachusetts.

5. Defendant RL Construction Services, Inc., is a Domestic Profit Corporation with a principal office located at 35 Forest Park Road, Suites 3 and 4, Woburn, MA 01801. Its registered agent is Richard Ward, located at 35 Forest Park Road, Woburn, MA 01801.

6. At all times relevant, Defendant was Plaintiffs' "employer" within the meaning of all relevant statutes.

7. Indeed, Defendant possessed substantial control over Plaintiffs' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs. Defendant had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

8. At all times relevant to this complaint, Plaintiffs worked for Defendant without the appropriate overtime compensation.

9. Defendant failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for overtime compensation.

10. Defendant maintained a policy and practice of requiring Plaintiffs to work without providing proper overtime compensation required by federal and state law and regulations.

11. Defendant constitutes an "enterprise" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r)-(s).

12. Defendant is believed to have had a gross annual volume of sales of not less than $500,000.

13. At all relevant times, Defendant and/or their enterprise were engaged in commerce or in an industry or activity affecting interstate commerce. For instance, numerous items used daily in their business were goods produced outside the Commonwealth of Massachusetts and transported across state lines specifically for Defendant to use in their business operations. Defendant also routinely conducted business across state lines.

## **JURISDICTION**

14. The United States District Court for the District of Massachusetts has federal subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because Plaintiffs assert claims arising under federal law. Specifically, this action arises pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

15. The United States District Court for the District of Massachusetts has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims set forth herein, each of which arise out of a common nucleus of operative facts as the claims over which the Court has original jurisdiction.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

16. The United States District Court for the District of Massachusetts has personal jurisdiction over Defendant because they have a principal place of business within this District, and they have sufficient minimum contacts in Massachusetts to render the exercise of jurisdiction by this Court both proper and necessary.

## VENUE

17. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

18. Moreover, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in this District. Furthermore, Plaintiffs were employed in this District.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### Plaintiffs Were Not Fully Compensated for All Hours Worked, Including Overtime

19. Around October 2023, Plaintiff Renan Cardoso Ramalho was hired by Defendant RL to perform demolition and painting work.

20. Plaintiff Renan Cardoso Ramalho remained employed with Defendant until April 18, 2025, where he was earning approximately $21 an hour.

21. Plaintiff Manoel Fernandes was employed by the Defendant from February 2024 through April 18, 2025, earning approximately $27 an hour for his labor.

22. Plaintiffs frequently worked significant amounts of overtime, sometimes reaching approximately 70 hours a week.

23. However, Defendant failed to pay Plaintiffs the required overtime rate for overtime hours. Indeed, all hours over 40 in a given work week were compensated at a flat hourly rate instead of the statutorily required premium.

24. Plaintiffs were additionally not timely paid a portion of their wages within the prescribed statutory time of six days.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Defendant's General Employment Practices**

25. At all times relevant to this Complaint, Defendant maintained a policy and practice of requiring Plaintiffs to work without paying them appropriate overtime premium as required by federal and state laws.

26. Plaintiffs were subject to Defendant's common policy and practices which violate their rights under the FLSA and Massachusetts labor laws by not paying them the wages they are owed for the hours worked.

27. Upon information and belief, these practices by Defendant were done willfully to avoid paying Plaintiffs properly for their full hours worked.

28. Defendant engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and state laws.

29. Defendant's unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs.

**Plaintiffs Exhausted Their Administrative Remedies as to Their Wage Claims and Bring This Action**

30. Pursuant to the state law requirements as set forth in Massachusetts General Laws Chapter 149 § 150, Plaintiffs submitted their statutory claims with the Office of the Attorney General and received a Right to Sue letter.

## CLAIMS FOR RELIEF

31. Plaintiffs reallege and incorporate by reference paragraphs 1 through the immediately preceding paragraph as if fully set forth herein.

### First Claim for Relief

*Failure to Pay Overtime – Fair Labor Standards Act,*

*29 U.S.C. § 201 et seq.*

32. Defendant, by its individual acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiffs overtime premium for the hours worked in excess of 40 per week in violation of the FLSA, 29 U.S.C. § 207. Instead, Defendant paid Plaintiffs at the straight hourly rate instead of the correct overtime premium. Under the FLSA, an employer found guilty of violating the statutory provisions therein, like section 207, is liable for liquidated damages, which is an additional amount equal to the owed amount. *See* 29 U.S.C. § 216(b). Defendant willfully and deliberately deprived Plaintiffs of their rights secured by the FLSA, causing Plaintiffs to suffer damages as aforesaid.

### Second Claim for Relief

*Non-Payment of Wages – Massachusetts Payment of Wages Act,*

*Mass. Gen. L. c. 149 § 148 et seq.*

33. Defendant, by its individual acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiffs a portion of their earned wages in violation of the Massachusetts Payment of Wages Act, Mass. Gen. Laws c. 149 § 148. Under this Act, employees who are terminated must be paid in full on the day of discharge. At the very latest, wages must be paid within six days after the end of the pay period in which the wages were earned. *Id.* The Act further prohibits an employer from withholding earned wages based on their own unilateral decision to apply a wage set-off. Mass. Gen. Laws c. 149 § 150. Per the Wage Act, an employer is liable for triple damages on late-paid wages, and the Act imposes

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

strict liability on employers for late payment or nonpayment of wages. *Id.* Defendant willfully and deliberately deprived Plaintiffs of their rights secured by the Massachusetts Payment of Wages Act, causing Plaintiffs to suffer damages as aforesaid.

### Third Claim for Relief

*Failure to Pay Overtime Wages – Massachusetts Minimum Fair Wages Act,*

*Mass. Gen. L. c. 151, § 1A, 1B*

34. Defendant, by its individual acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiffs for the hours worked in excess of 40, at the overtime premium, in violation of the Massachusetts Minimum Fair Wages Act, Mass. Gen. Laws. c. 151, §§ 1A, 1B. Under this Act, Plaintiffs should have been paid an overtime premium for each overtime hour worked in a week. Per the Wage Act, an employer is liable for triple damages on late-paid wages, and the Act imposes strict liability on employers for late payment or nonpayment of wages. *Id.* Defendant willfully and deliberately deprived Plaintiffs of their rights secured by the Massachusetts Minimum Fair Wages Act, causing Plaintiffs to suffer damages as aforesaid.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray and respectfully request that this Court grant the following relief:

A. A declaratory judgment declaring that the acts and/or omissions of Defendant, including, but not limited to those complained of herein, are in violation of the Massachusetts Payment of Wages Act, Mass. Gen. L. c. 149 § 148 *et seq.*; the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151, § 1A; and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*

B. An injunction directing Defendant to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated.

C.  An injunction or other equitable relief, including, but not limited to, an award of back pay, front pay or reinstatement, and other compensation and/or benefits, and to make Plaintiffs whole for all earnings and benefits Plaintiffs would have received but for the violations.

D.  An award of all actual, general, special, incidental, statutory, punitive, compensatory, liquidated, consequential, and/or restitutionary damages to which Plaintiffs are entitled.

E.  An award of prejudgment interest, reasonable attorneys' fees, and costs; and

F.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of all issues triable as of right.

Dated: July 24, 2025

**ODU LAW FIRM, LLC**

By:  /s/ *Olayiwola O. Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
BBO #691768
**Ana Barros, Esq.**
BBO # 714916
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com

**ATTORNEYS FOR PLAINTIFFS,
RENAN CARDOSO RAMALHO
AND MANOEL FERNANDES FILHO**